UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVID LEWIS,<br>    Plaintiff, | :<br>:<br>: |
| v. | :   Case No. 3:16-cv-1586 (VAB) |
| DEP'T OF CORRECTION, ET AL.,<br>    Defendants. | :<br>:<br>: |

## INITIAL REVIEW ORDER

Plaintiff, David Lewis, currently incarcerated at Northern Correctional Institution ("Northern"), has filed a civil rights complaint against Defendants, the State of Connecticut Department of Correction, Commissioner Scott Semple, Deputy Warden William Mulligan, Director of Psychiatric Services Craig Burns, Director of Offender Classification and Management David Maiga, Dr. Mark Frayne, Dr. Gerard Gagne and Health Service Administrator Brien Libel.  For the reasons set forth below, the Complaint is dismissed in part.

### I.     STANDARD OF REVIEW

Under 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief."  *Id.*  Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).  A complaint that includes only "labels and conclusions," "a formulaic recitation of the elements of a cause of action" or "'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard.  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).  Although courts still have an obligation to interpret "a *pro se* complaint liberally," the complaint must include sufficient factual allegations to meet the standard of facial plausibility. *See Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (citations omitted).

## II.     FACTUAL ALLEGATIONS

On or around June 22, 2015, Commissioner Semple and Directors Maiga and Burns allegedly transferred Mr. Lewis to Northern.  Compl. ¶¶ 16-17, ECF No. 1.  Before his incarceration, mental health workers had allegedly diagnosed Mr. Lewis as suffering from multiple mental disorders.  *Id.* ¶¶ 12-13.  Mr. Lewis has taken medication to treat the disorders since childhood.  *Id.* ¶ 14.  There are allegedly no mental health units at Northern.  *Id.* ¶ 20.

Commissioner Semple, Directors Burns and Maiga, and Deputy Warden Mulligan allegedly decided to confine Mr. Lewis in phase one of administrative segregation at Northern. Compl. ¶¶ 22, 25-27.  Mr. Lewis alleges that the conditions in phase one, including isolation, are very restrictive and have exacerbated his mental illnesses and also caused him physical injury. *Id.* ¶¶ 25, 66.  The conditions allegedly include: confinement to a cell for twenty-three hours a day, meals eaten in the cell, recreation for one hour a day, showers three times a week, no contact visits, one telephone call a week, no work assignments and no participation in congregate religious services.  *Id.* ¶ 25.  Mr. Lewis also asserts that he must wear full restraints when leaving

his cell.  *Id.*  Mr. Lewis alleges that he has been confined in phase one of administrative segregation at Northern for almost the entire time that he has remained at Northern.  *Id.* ¶ 27.

During his confinement at Northern, Commissioner Semple, Director Burns, Deputy Warden Mulligan, and Administrator Libel have allegedly failed to provide mental health treatment to Mr. Lewis and to hire and train staff to deal with mentally ill inmates.  Compl. ¶¶ 35-42.  Drs. Frayne and Gagne, Director Burns and Administrator Libel have allegedly neglected to develop an adequate treatment plan for Mr. Lewis's mental illnesses, failed to provide him with psychotherapy, refused to involve his family in his mental health treatment, and discontinued his mental health medications.  *Id.* ¶¶ 38-42.

Deputy Warden Mulligan has allegedly placed Mr. Lewis in a unit with inmates who are not mentally ill.  Compl. ¶ 28.  Those inmates have allegedly taunted, threatened, and verbally abused Mr. Lewis.  *Id.* ¶ 29.  This victimization has allegedly caused Mr. Lewis anxiety and has allegedly aggravated his mental health conditions.  *Id.* ¶ 31.

Mr. Lewis generally alleges that he has received disciplinary sanctions as a result of his behavior that was caused by his mental illness.  Compl. ¶¶ 32-33.  These sanctions have allegedly included placement in punitive segregation, placement in in-cell restraints, placement in four-point restraints, exposure to chemical agents, loss of visitation and phone privileges, and denial of hygiene items.  *Id.* ¶ 33.  Mr. Lewis alleges that Defendants made no attempts at mental health intervention to address his behavior prior to imposing these types of sanctions.  *Id.* ¶ 34.

Mr. Lewis alleges that the conditions at Northern have caused him to sustain physical and mental injuries and have exacerbated his mental health conditions.  Compl. ¶ 45. Specifically, he alleges that he has "suffer[ed] from delusions, bewilderment and racing thoughts," a loss of

"sleep and memory . . . anxiety attacks . . . [and] hallucinations." *Id.* ¶ 46.  He also alleges that he has "engage[d] in acts of self-harm, [such as] bang[ing] his head against the walls and other hard surfaces." *Id.*  Defendants have allegedly refused to obtain copies of Mr. Lewis's mental health records from other mental health agencies and physicians who treated him before incarceration. *Id.* ¶ 48.

## III.   DISCUSSION

Mr. Lewis brings this action under 42 U.S.C. § 1983 ("Section 1983") and Title II of the Americans with Disability Act, 42 U.S.C. § 12101, *et seq.* (the "ADA").  He seeks declaratory and injunctive relief and monetary damages from the Defendants in their individual and official capacities.

To state a claim under Section 1983, Mr. Lewis must allege facts showing that a Defendant, who was a person acting under color of state law, deprived him of a federally protected right.  *See Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 930 (1982) ("[T]he § 1983 plaintiff must show both that he has been deprived of a right secured by the Constitution and laws of the United States and that the defendant acted under color of any statute of any State." (internal quotation marks omitted)); *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008) ("Pursuant to section 1983, anyone acting under color of any state statute, ordinance, regulation, custom, or usage, who causes a United States citizen to be deprived of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." (internal quotation marks omitted)).

Mr. Lewis alleges, in relevant part, that the Defendants violated his Eighth, Fifth and

Fourteenth Amendment rights.  Compl. ¶¶ 65, 68, 72.

    A.    **Dismissed Claims**

        1.    **Department of Correction**

As an initial matter, a state agency is not a person within the meaning of Section 1983 and is, therefore, not subject to liability under Section 1983.  *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 65-67 (1989) (holding that state and state agencies are not persons within the meaning of 42 U.S.C. § 1983).   The Department of Correction is a state agency.  *See Vaden v. Connecticut*, 557 F. Supp. 2d 279, 288 (D. Conn. 2008) ("[T]here is no basis for disputing that the Department of Corrections is an arm of the State of Connecticut."); *Garris v. Department of Correction*, 170 F. Supp. 2d 182, 186 (D. Conn. 2001) (same).  Like other state agencies, the Department of Correction is not a person within the meaning of Section 1983.  *See Santos v. Dep't of Corr.*, 3:04-CV-1562 (JCH) (HBF), 2005 WL 2123543, at *3 (D. Conn. Aug. 29, 2005) (observing that "[n]either a Department of Correction nor a correctional institution is a person" subject to liability under Section 1983); *Torrence v. Pelkey*, 164 F. Supp. 2d 264, 271 (D. Conn. 2001) (same).  Thus, the Department of Correction cannot be sued under Section 1983 and Mr. Lewis's Section 1983 claims against the State of Connecticut Department of Correction are dismissed as lacking an arguable legal basis.  *See* 28 U.S.C. § 1915A(b)(1).

        2.    **Fifth Amendment Claim**

Mr. Lewis's Complaint fails to state a claim under the Due Process Clause of the Fifth Amendment.  The Fifth Amendment Due Process Clause applies only to the federal government, and not to state governments. *See Dusenbery v. United States*, 534 U.S. 161, 167 (2002) ("The Due Process Clause of the Fifth Amendment prohibits the United States, as the Due Process

Clause of the Fourteenth Amendment prohibits the States, from depriving any person of property without due process of law."); *Poe v. Ullman*, 367 U.S. 497, 540 (1961) (explaining that prohibitions "against the deprivation of life, liberty or property without due process of law" set forth in Fourteenth Amendment are applicable to state government and same prohibitions in Fifth Amendment are applicable to "the Federal Government"); *Mitchell v. Home*, 377 F. Supp. 2d 361, 372-73 (S.D.N.Y. 2005) ("The Fifth Amendment's Due Process Clause protects citizens against only federal government actors, not State officials.  Any due process rights plaintiff enjoys as against state government officials . . . arise solely from the Fourteenth Amendment due process clause." (internal citations omitted)).

All of Mr. Lewis's allegations are against state officials of the Connecticut Department of Corrections.  Mr. Lewis has not alleged that any federal official violated his Fifth Amendment due process rights.  Thus, he cannot state a claim under the Fifth Amendment.  *See Mitchell*, 377 F. Supp. 2d at 372-73.  Accordingly, the Fifth Amendment claim against the Defendants is dismissed for failure to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915A(b)(1).

### 4.     Eighth and Fourteenth Amendment Claims

Mr. Lewis alleges that the defendants were deliberately indifferent to his serious mental health needs and subjected him to unconstitutional conditions of confinement in violation of the Eighth and Fourteenth Amendments.  In addition, he alleges that the restrictive conditions of confinement applied to him violated his due process rights under the Fourteenth Amendment.

The Eighth Amendment protects the rights of a convicted prisoner while the Fourteenth Amendment protects the rights of a pretrial detainee.  *See Bell v. Wolfish*, 441 U.S. 520, 537 n.

6

16 (1979) ("The Court of Appeals properly relied on the Due Process Clause rather than the Eighth Amendment in considering the claims of pretrial detainees.  Due process requires that a pretrial detainee not be punished.  A sentenced inmate, on the other hand, may be punished, although that punishment may not be 'cruel and unusual' under the Eighth Amendment. . . . Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions."); *Gabbay v. Gales*, No. 97-CIV-7605 (NRB), 2000 WL 28156, at *1 (S.D.N.Y. Jan. 14, 2000) ("While the Eighth Amendment standard applies to sentenced prisoners, it is the Due Process Clause that protects pretrial detainees from the use of excessive force that amounts to punishment." (internal quotation marks omitted)).

Mr. Lewis does not allege that he was a pretrial detainee at the time of his confinement at Northern.  Department of Correction records reflect that Mr. Lewis was sentenced to four years of imprisonment on November 12, 2013, before his transfer to Northern in June 2015.[1]  Thus, Mr. Lewis was not a pretrial detainee at the time of the events that he alleges in his Complaint.  Accordingly, because Mr. Lewis was a sentenced prisoner at the time of the events alleged in his Complaint, the Eighth, rather than the Fourteenth, Amendment governs his claims of deliberate indifference to mental health needs and unconstitutional conditions of confinement.  Because the Fourteenth Amendment is inapplicable to Mr. Lewis's claims that the defendants were deliberately indifferent to his mental health needs and subjected him to harsh conditions of confinement, the Fourteenth Amendment claims related to conditions of confinement at Northern are dismissed.  *See* 28 U.S.C. § 1915A(b)(1).

---

[1] Information regarding Mr. Lewis's conviction and sentence may be found at: http://www.ct.gov/doc/site/default.asp, under Inmate Search, using Mr. Lewis's CT DOC Inmate Number, 336447.

### 4. Disciplinary Sanctions Claim

Mr. Lewis generally asserts that he received disciplinary sanctions because of behavior caused by his mental illness. He alleges that he received sanctions including placement in punitive segregation, denial of telephone and visitation privileges, placement in in-cell restraints, placement in four-point restraints, exposure to chemical agents, placement on behavior modification status, and denial of hygiene.

Mr. Lewis's Complaint does not indicate when these sanctions were allegedly imposed or when the incidents occurred. Furthermore, there are no allegations in his Complaint that any named Defendant was involved in or responsible for imposing these sanctions or involved in the alleged use of a chemical agent on Mr. Lewis during a cell extraction. Thus, Mr. Lewis has not alleged that any of the Defendants violated his Eighth or Fourteenth Amendment rights in connection with the imposition of these disciplinary sanctions. Thus, Mr. Lewis's claims related to the alleged imposition of disciplinary sanctions are dismissed. *See* 28 U.S.C. § 1915A(b)(1).

### B. Remaining Claims

For the reasons explained below, the Court concludes that Mr. Lewis has stated plausible claims under the Eighth Amendment against the Defendants for (1) deliberate indifference to mental health needs and safety and (2) unconstitutional conditions of confinement. Mr. Lewis has also stated a plausible claim under the ADA.

### 1. Eighth Amendment Deliberate Indifference

Mr. Lewis's Eighth Amendment deliberate indifference claims will proceed against the Defendants in their individual capacities, with regards to monetary relief, and in their official capacities, to the extent that Mr. Lewis seeks declaratory and injunctive relief.

Deliberate indifference by prison officials to a prisoner's serious medical or mental health needs constitutes cruel and unusual punishment in violation of the Eighth Amendment. *Estelle v. Gamble,* 429 U.S. 97, 104 (1976); *Jareck v. Hensley*, 552 F. Supp. 2d 261, 264 (D. Conn 2008). To prevail on a deliberate indifference claim, a plaintiff must provide evidence of sufficiently harmful acts or omissions and one of either: (1) an intent to either deny or unreasonably delay access to needed medical care or (2) the wanton infliction of unnecessary pain by prison personnel. *See Estelle*, 429 U.S. at 104-06.

Mere negligence will not support a Section 1983 claim. *See Estelle*, 429 U.S. at 104-06; *Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir.2003) ("Because the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law, not every lapse in prison medical care will rise to the level of a constitutional violation."). Furthermore, a plaintiff's mere disagreement with prison officials as to what constitutes appropriate medical care does not suffice to state a claim cognizable under the Eighth Amendment. *See Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir.1998) ("So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation.").

Mr. Lewis alleges that Commissioner Semple, Director Burns, Deputy Warden Mulligan, and Administrator Libel have failed to provide him with mental health treatment and have failed to hire and train staff to deal with mentally ill inmates. Mr. Lewis further alleges that Dr. Frayne, Dr. Gagne, Director Burns, and Administrator Libel have neglected to develop an adequate treatment plan for Mr. Lewis's mental illness, failed to provide him with psychotherapy, and discontinued his medications. These allegations are sufficient to state a

9

claim for deliberate indifference. Of course, without substantially more, these allegations do not provide a basis for a ruling that any of the Defendants violated Mr. Lewis's constitutional rights. This Court holds only that Mr. Lewis has stated a plausible claim of deliberate indifference against the Defendants in their individual capacities as to monetary damages, and that Mr. Lewis has stated a plausible claim of deliberate indifference against the Defendants in their official capacities, to the extent that Mr. Lewis seeks injunctive relief.

To the extent that Mr. Lewis seeks monetary damages from the Defendants in their official capacities, those claims are barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (explaining that the Eleventh Amendment, which protects the state from suits for monetary relief, also protects state officials sued for damages in their official capacity); *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (holding that Section 1983 does not override a state's Eleventh Amendment immunity). Accordingly, Mr. Lewis's claims for monetary damages against the Defendants in their official capacities are dismissed under 28 U.S.C. § 1915A(b)(2).

### 2.    Eighth Amendment Conditions of Confinement

The Eighth Amendment prohibition on cruel and unusual punishment applies to the "conditions of confinement" faced by incarcerated inmates. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Such "[c]onditions must not involve the wanton and unnecessary infliction of pain, nor may they be grossly disproportionate to the severity of the crime warranting imprisonment." *Id.* "There is no static test for determining whether conditions of confinement are cruel and unusual. The Eighth Amendment . . . draw[s] its meaning from the evolving standards of decency that mark the progress of a maturing society." *Waring v. Meachum*, 175 F. Supp. 2d

230, 238 (D. Conn. 2001) (citing *Rhodes*, 452 U.S. at 347). In that light, the Supreme Court has determined that, under the Eighth Amendment, prison officials must "provide humane conditions of confinement," "ensure that inmates receive adequate food, clothing, shelter, and medical care," and "take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).

To state a claim for unconstitutional conditions of confinement under the Eighth Amendment, the plaintiff inmate "must allege a 'sufficiently serious' deprivation under an objective standard and that prison officials subjectively acted with 'deliberate indifference'." *Waring*, 175 F. Supp. 2d at 238 (citing *Wilson v. Seiter*, 501 U.S. 294, 297-98, 304 (1991)). A sufficiently serious deprivation occurs "when a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities." *Id.* (internal quotation marks omitted). Additionally, the plaintiff must allege that "prison officials . . . acted with deliberate indifference in that they knew of and disregarded an excessive risk to inmate health or safety." *Branham v. Meachum*, 77 F.3d 626, 631 (2d Cir. 1996) (internal quotation marks omitted).

Mr. Lewis alleges that Defendants have subjected him to various inhumane conditions of confinement in phase one of administrative segregation at Northern, including isolation, confinement to his cell for twenty-three hours a day, meals eaten in the cell, recreation for only one hour a day, no contact visits, among other allegedly inhumane conditions. Mr. Lewis also alleges that Deputy Warden Mulligan has placed him in a unit with non-mentally ill inmates who taunt and threaten him, aggravating his mental health conditions. Mr. Lewis further alleges that the conditions at Northern have caused him to sustain mental and physical injuries due to the exacerbation of his mental health conditions. Because Mr. Lewis alleges that these conditions

11

are sufficiently serious to be inhumane and threaten his health and safety, *Farmer*, 511 U.S. at 832, and he further alleges that Defendants acted with deliberate indifference because they are allegedly aware of his mental health conditions and nonetheless subject him to conditions of confinement that aggravate his mental health conditions, *Branham*, 77 F.3d at 631, Mr. Lewis's allegations state a claim for unconstitutional conditions of confinement under the Eighth Amendment.

### 3.     Americans with Disabilities Act Claim

Mr. Lewis generally asserts that the defendants violated his rights under the ADA. He claims that he is a qualified individual with a disability and that the Defendants have discriminated against him because of his disability and have subjected him to restrictive housing conditions in administrative segregation.

To state a claim under the ADA, Mr. Lewis must plead "(1) that he is a qualified individual with a disability; (2) that he was excluded from participation in a public entity's services, programs or activities or was otherwise discriminated against by a public entity; and (3) that such exclusions or discrimination was due to his disability." *Hargrave v. Vermont*, 340 F.3d 27, 34-35 (2d Cir. 2003) (internal quotation marks omitted). Most importantly, Mr. Lewis must allege that his mistreatment was motivated by either discriminatory animus or ill will due to disability. *See Elbert v. N.Y. State Dep't of Corr. Servs.*, 751 F. Supp. 2d 590, 594-95 (S.D.N.Y. 2010) (citing *Garcia v. S.U.N.Y. Health Sciences Ctr. of Brooklyn*, 380 F.3d 98, 112 (2d Cir. 2001)).

The State of Connecticut Department of Correction is a public entity within the meaning of the ADA. *See* 42 U.S.C. § 12131(1) (defining "public entity" to include "any State or local

government" and any "department, agency, special purpose district, or other instrumentality of a State or States or local government"); *Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 209-10 (1998) ("State prisons fall squarely within [Title II's] statutory definition of 'public entity,' which includes 'any department, agency . . . or other instrumentality of a State . . . or local government." (quoting 42 U.S.C. § 12131(1)(B)). Furthermore, the Second Circuit has recognized that a valid ADA claim may be brought against a state official in his official capacity. *See Henrietta D. v. Bloomberg*, 331 F.3d 261, 289 (2d Cir. 2003).

Mr. Lewis alleges that he suffers from serious mental health conditions and that the Defendants did not provide him with treatment or house him in a facility that might have sufficient resources or staff to treat his mental illness. The Court concludes that Mr. Lewis has alleged sufficient facts to state a plausible claim that the Defendants denied him treatment and participation in various programs or activities because of his mental illness. Thus, the ADA claim will proceed.

Because Title II of the ADA does not "provide[] for individual capacity suits against state officials," any ADA claim against the Defendants in their individual capacities is dismissed. *See Garcia v. S.U.N.Y. Health Sciences Center of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001); 28 U.S.C. § 1915A(b)(1). Instead, the ADA claim will proceed against the Department of Correction and the Defendants in their official capacities.

**ORDERS**

The Court enters the following orders:

(1) All Section 1983 claims against the Department of Correction, the Section 1983 claim related to disciplinary sanctions, and all Section 1983 claims based on Defendants' alleged

violation of the Fifth and Fourteenth Amendments are **DISMISSED** under 28 U.S.C. § 1915A(b)(1).  The ADA claim against all defendants in their individual capacities is also **DISMISSED** under 28 U.S.C. § 1915A(b)(1).

The Eighth Amendment claims of deliberate indifference to mental health needs and safety and unconstitutional conditions of confinement will proceed against Defendants Semple, Mulligan, Burns, Libel, Maiga, Frayne and Gagne in their individual capacities and in their official capacities, to the extent that Mr. Lewis seeks declaratory and injunctive relief.  The ADA claim will proceed against all defendants in their official capacities.

(2)     Within twenty-one (21) days of this Order, the U.S. Marshals Service shall serve the summons, a copy of the complaint and this order on defendants Department of Correction, Scott Semple, William Mulligan, David Maiga, Craig Burns, Brien Libel, Mark Frayne and Gerard Gagne, in their official capacities by delivering the necessary documents in person to the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141.

(3)     Within twenty-one (21) days of this Order, the Clerk shall ascertain from the Department of Correction Office of Legal Affairs the current work addresses for Commissioner Scott Semple, Deputy Warden William Mulligan, Director of Psychiatric Services Craig Burns, Director of Offender Classification and Management David Maiga, Dr. Mark Frayne, Dr. Gerard Gagne and Health Service Administrator Brien Libel and mail a waiver of service of process request packet to each Defendant in his or her individual capacity at his or her current work address.  On the thirty-fifth (35th) day after mailing, the Clerk shall report to the court on the status of all the requests.  If any Defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be

required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(4)     Defendants shall file their response to the complaint, either an answer or motion to dismiss, within sixty (60) days from the date the notice of lawsuit and waiver of service of summons forms are mailed to them. If the Defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They may also include any and all additional defenses permitted by the Federal Rules.

(5)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within six months (180 days) from the date of this order. Discovery requests need not be filed with the court.

(6)     All motions for summary judgment shall be filed within seven months (210 days) from the date of this order.

SO ORDERED at Bridgeport, Connecticut, this 6th day of February, 2017.

/s/ Victor A. Bolden
Victor A. Bolden
United States District Judge